IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| v. | ) | |
| | ) | |
| MIDAMERICAN ENERGY COMPANY, | ) | |
| and IOWA-ILLINOIS MANOR, LLC, | ) | CIVIL COMPLAINT FOR RELIEF |
| | ) | UNDER SECTIONS 106 AND 107 |
| Defendants. | ) | OF CERCLA |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

The United States of America, by authority of the Attorney General of the United States

and through the undersigned attorneys, acting at the request of the United States Environmental

Protection Agency (EPA) hereby files this Civil Complaint for Relief Under Sections 106 and

107 of CERCLA, 42 U.S.C. §§ 9606 & 9607, and alleges as follows:

INTRODUCTION

1.      This is a civil action brought pursuant to Sections106 and 107 of the

Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended

("CERCLA"), 42 U.S.C. §§ 9606 & 9607.  By this action the United States seeks an order

compelling defendants MidAmerican Energy Company (MidAmerican) and Iowa-Illinois

Manor, LLC, to implement the permanent environmental remedy selected for the Iowa City

Former Manufactured Gas Plant Superfund Site in Iowa City, Iowa ("the Site") by EPA in its

Record of Decision (ROD) for the Site dated September 26, 2006; recovery of all costs incurred

by the United States in response to releases or threatened releases of hazardous substances at or

from the Site; and a judgment of liability, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C.

§ 9613(g)(3), for response costs that will be binding on any subsequent action or actions to

recover further response costs.

JURISDICTION AND VENUE

2.　　　　This Court has jurisdiction over the subject matter of this action pursuant to

Sections 107(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(b), and 28 U.S.C.

§§ 1331 and 1345.

3.　　　　Pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C.

§ 1391(b), venue is proper in this district because the releases or threatened releases of

hazardous substances that give rise to the claims occurred in this judicial district and the

defendant does business in this judicial district.

DEFENDANT

4.　　　　Defendant MidAmerican Energy Company (MidAmerican) is incorporated in the

State of Iowa and does business in the State of Iowa.  MidAmerican is a "person" within the

meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

5.　　　　Defendant Iowa-Illinois Manor, LLC, is a limited liability corporation that is

incorporated in Iowa and that does business in Iowa.  Iowa-Illinois Manor, LLC, is a "person"

within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

RELEVANT FACTS

6.　　　　The Site is located east of downtown Iowa City, in Johnson County, in a mixed

commercial and residential area.  The Site is the former location of a coal-gasification plant

owned and operated by corporate predecessors to defendant MidAmerican.  From approximately

-2-

1857 to 1937, the coal-gasification plant at the Site manufactured gas, and produced, as a waste by-product, coal tar containing various "hazardous substances," as that term is defined in Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

7.      During their ownership and operation of the plant, MidAmerican's predecessors disposed of waste coal tar on the Site.  Hazardous substances in the coal tar were released into the soil and groundwater at the Site.

8.      MidAmerican has assumed the environmental liabilities of its predecessors that operated the coal-gasification plant at the Site.

9.      Thus there have been releases and/or threats of releases of hazardous substances at the Site during a period of ownership and operation of the Site by MidAmerican's predecessors, and MidAmerican has assumed the environmental liabilities of those predecessors.

10.     Defendant Iowa-Illinois Manor, LLC, purchased property at the Site on which coal tar containing various hazardous substances had been disposed and constructed a residential apartment building on that property.

11.     Thus Defendant Iowa-Illinois Manor is the owner and operator of a facility at which hazardous substances have been disposed and have come to be located.

12.     The Defendants have completed a Site Characterization Report and a Remedial Investigation and Feasibility Study for the Site.  EPA issued a proposed plan for remedial action at the Site on July 28, 2006.

13.     In September of 2006, EPA issued a Record of Decision (ROD) for the Site.  The ROD set forth the permanent environmental remedy selected by EPA for the Site.

14.     To date, EPA has incurred $429,300.64 in unreimbursed costs in response to releases and threats of releases of hazardous substances at the Site.

<u>LAW GOVERNING CLAIMS FOR RELIEF UNDER SECTION 107 OF CERCLA</u>

15.     Sections 104(a) and (b) of CERCLA, 42 U.S.C. §§ 9604(a) & (b), provide that

whenever any hazardous substance is released into the environment, or there is a substantial

threat of such a release, the President is authorized to act, consistent with the National

Contingency Plan, to remove or arrange for the removal of such hazardous substance, and to

undertake such investigations, monitoring, surveys, testing or other information gathering as

necessary to identify the existence and extent of the releases and the extent of the danger to

public health or welfare or to the environment.

16.     Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), provides:

> In addition to any other action taken by a State or local government, when the
> President determines that there may be an imminent and substantial
> endangerment to the public health or welfare or the environment because of an
> actual or threatened release of a hazardous substance from a facility, he may
> require the Attorney General of the United States to secure such relief as may be
> necessary to abate such danger or threat, and the district court of the United States
> in the district in which the threat occurs shall have jurisdiction to grant such relief
> as the public interest and the equities of the case may require.  The President may
> also, after notice to the affected State, take other action under this section
> including, but not limited to, issuing such orders as may be necessary to protect
> public health and welfare and the environment.

17.     Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides, in pertinent part:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set
> forth in subsection (b) of this section --

>> (2)  any person who at the time of disposal of any hazardous
>> substance owned or operated any facility at which such hazardous
>> substances were disposed of,

>> * * *

>> shall be liable for --

(A)  all costs of removal or remedial action incurred by the United
States Government or a State . . . not inconsistent with the national
contingency plan

## GENERAL ALLEGATIONS

18.     The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42

U.S.C. § 9601(9).

19.     Hazardous substances, within the meaning of Section 101(14) of CERCLA, 42

U.S.C. § 9601(14), have been generated and disposed of at the Site, and have come to be located

in the soil and groundwater at the Site.

20.     There are and were, within the meaning of Section 101(22) of CERCLA, 42

U.S.C. § 9601(22), releases and threatened releases of hazardous substances into the

environment at and from the Site.

21.     As a result of the releases or threatened releases of hazardous substances at or

from the Site, the United States has, through EPA, incurred "response" costs as defined in

Section 101(25) of CERCLA, 42 U.S.C. § 9601(25), for actions taken in response to the releases

or threatened releases at or from the Site.  The United States will continue to incur response

costs in connection with the Site.

22.     As a result of such response actions, the United States has incurred costs for

response actions.  Such costs have not been fully reimbursed.

23.     The response costs incurred by the United States are not inconsistent with the

National Contingency Plan, 40 C.F.R. Part 300.

## FIRST CLAIM FOR RELIEF:
## OWNER/OPERATOR CLAIM AGAINST MIDAMERICAN
## UNDER SECTION 107(a)(2) OF CERCLA

24.     Paragraphs 1 through 23 are realleged and incorporated herein by reference.

25. Defendant MidAmerican is the legal successor in interest, and has assumed the environmental liabilities of, entities that owned and operated a coal-gasification plant at the Site during the time of the disposal of hazardous substances at the Site.

26. Hazardous substances have been released at or from the Site into the environment within the meaning of CERCLA, 42 U.S.C. §§ 9601, 9607.

27. MidAmerican is therefore liable under Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), for all costs incurred by the United States in response to releases or threats of releases of hazardous substances at the Site.

28. MidAmerican has not fully reimbursed the United States for the costs incurred in responding to the release of hazardous substances at the Site.

SECOND CLAIM FOR RELIEF:
OWNER/OPERATOR CLAIM AGAINST IOWA-ILLINOIS
MANOR, LLC UNDER SECTION 107(a)(1) OF CERCLA

29. Paragraphs 1 through 28 are realleged and incorporated herein by reference.

30. Hazardous substances have been released at or from the Site into the environment within the meaning of CERCLA, 42 U.S.C. §§ 9601, 9607.

31. Defendant Iowa-Illinois Manor, LLC owns and operators a residential apartment building on property at the Site at which there has been a release of a hazardous substance.

32. Iowa-Illinois Manor, LLC, is therefore liable under Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1), for all costs incurred by the United States in response to releases or threats of releases of hazardous substances at the Site.

33. Iowa-Illinois Manor, LLC, has not fully reimbursed the United States for the costs incurred in responding to the release of hazardous substances at the Site.

THIRD CLAIM FOR RELIEF:
LIABILITY FOR REMEDY IMPLEMENTATION
AGAINST BOTH DEFENDANTS UNDER SECTION 106 OF CERCLA

34.     Paragraphs 1 through 33 are realleged and incorporated herein by reference.

35.     Defendants Mid=American and Iowa-Illinois Manor, LLC, are liable under Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), to take such as EPA determines are necessary to protect the public health and welfare and the environment at the Site.

36.     The United States is authorized by Section 106 of CERCLA to seek an order from this Court requiring defendants MidAmerican and Iowa-Illinois Manor, LLC, to implement EPA's selected remedy for the Site.

37.     This Court may order defendants MidAmerican and Iowa-Illinois Manor as liable parties under Section 107(a)(2) of CERCLA, to implement EPA's selected remedy at the Site.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, respectfully requests that the Court:

1.     Issue an Order to Defendants MidAmerican and Iowa-Illinois Manor, LLC, requiring them to implement the permanent environmental remedy selected by EPA for the Site in EPA's ROD for the Site;

2.     Enter judgment against defendants MidAmerican and Iowa-Illinois Manor for all costs incurred by the United States in response to releases or threats of releases of hazardous substances at the Site;

3.     Award the United States prejudgment interest on its response costs;

4.      Enter a declaratory judgment of liability against defendants MidAmerican and Iowa-Illinois Manor pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), that will be binding on any subsequent action or actions to recover further response costs; and

5.      Grant such other relief as the Court deems appropriate.

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
United States Dept. of Justice
Washington, D.C.


 s/ Bruce S. Gelber
BRUCE GELBER
Chief
Environmental Enforcement Section
U.S. Dept. of Justice
Washington, D.C.



 s/ Sean Carman
SEAN CARMAN
Trial Attorney
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C.  20044
(202) 514-2746
sean.carman@usdoj.gov

MATTHEW G. WHITAKER
United States Attorney
Southern District of Iowa

CHRISTOPHER HAGEN
Civil Chief
Office of the United States Attorney
110 East Court Avenue
Des Moines, IA  50309
(515) 473-9355


JAMES STEVENS
Assistant Regional Counsel
Office of Regional Counsel
U.S. EPA, Region 7
901 N. 5th Street
Kansas City, KS  66101